# In the United States Court of Federal Claims

| | |
|---|---|
| HOWARD R. STARNES, II, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | No. 22-cv-546 <br><br> Filed: October 5, 2022 |

*Howard R. Starnes, II*, Georgetown, Kentucky, Plaintiff, appearing *pro se*.

*Joseph Alan Pixley*, United States Department of Justice, Washington, D.C., appearing for Defendant.

**MEMORANDUM AND ORDER**

Plaintiff Howard R. Starnes, II, proceeding *pro se*, seeks redress against the United States for various claims including alleged torts, discrimination, Thirteenth Amendment involuntary servitude and slavery, and various crimes. *See* Complaint (ECF No. 1) (Compl.) Ex. 1 at 2, 6, 20–21, 23–24.[1] Presently before the Court is the United States' (Defendant's) Motion to Dismiss the Complaint, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (Rule(s) or RCFC). *See* Defendant's Motion to Dismiss (ECF No. 15) (Mot.). Defendant argues this Court lacks subject matter jurisdiction over Plaintiff's Complaint. Mot. at 4. This Court agrees with Defendant that the Court lacks jurisdiction over Plaintiff's claims. Accordingly, for the reasons stated below, this Court **GRANTS** Defendant's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(h)(3).

---

[1] Citations to Plaintiff's Complaint reference the ECF page numbers.

## BACKGROUND

Plaintiff filed his Complaint on May 16, 2022, and this Court granted Plaintiff's Motion for Leave to File *In Forma Pauperis* on July 6, 2022. Compl.; ECF No. 12. Plaintiff's Complaint states the following:

> I hear through my brain. The energy commission infrared view internal affairs Nov. 2019-Present day Everyday while consious [sic]. If I lose maybe I am disabled. I believe and know I'm being honest and dependent upon strangers. Americans.

Compl. at 1. Along with the Complaint, Plaintiff filed an exhibit; the exhibit contains a series of handwritten pages, Plaintiff's resume, and several drawings. Compl. Ex. 1. Within the Complaint and accompanying exhibit, Plaintiff names the following entities: "energy commission," "internal affairs," "Dept. of Homeland Security fusion center(s)," "Internal Security," and "Legislative Branch." Compl. at 2; *id.* Ex. 1 at 2, 6, 28. Plaintiff also identifies the following individuals: "Bill Gates, Melinda French Gates," "Seth Macfarlene," "Matt Stoenberg," "Mike Judge," "Marshall Mathers," "Joe Biden," "Barack Obama," "Andy Bashear," "Ed + Edna Macary," "Donald Trump," "Yakiro Toriyama," "Vladmir Putin," "Jim Carrey," "Oprah Winfrey," "Apple CEO's," "Android CEO's," "Lisa Reyes," "Mark W Starnes," and "Tracy R Starnes." Compl. at 2; *id.* Ex. 1 at 5.

In Plaintiff's exhibit, Plaintiff repeatedly references modifications to his skull, brain, and teeth allegedly performed by the CIA prior to Plaintiff's birth. Compl. Ex. 1 at 5, 9, 12, 24–25, 27, 30.[2] Plaintiff describes the alleged bioengineering process as follows: "Bio-engineering to the

---

[2] Plaintiff writes in his exhibit: "CIA modifications prior to my birth," "An implant to my skull expanding my brain and skeletal cranium placed in the rear. My teeth also have fangs. 3rd tooth each side from the front," "Lasers I theorize were used to my mothers [sic] womb," and "Born 8-25-1991 with bioengineering mods to my fetus w/o parents or my own awareness." Compl. Ex. 1 at 12, 24, 27.

fetus while the cells are still stem cells in the mothers [sic] womb through lasers expanding brain matter and my skeletal cranium.  As a fetus this was possible by lasers and Bioengineering science during ultrasounds." Compl. Ex. 1 at 25.  Plaintiff states that he did not consent to the alleged bioengineering.  Compl. Ex. 1 at 27.

As a result of the alleged bioengineering, Plaintiff claims he is subject to federal surveillance.  Compl. Ex. 1 at 30.  Plaintiff states that "Federal employees are paid I assume and have accessed me using And-roids starch internal surveillance forensic and homicide investigation programs since my birth." *Id.*  Plaintiff argues that he did not consent to the alleged ongoing federal surveillance, and the surveillance is "very discriminatory for [him] to endure." Compl. Ex. 1 at 6–7.

Along with Plaintiff's allegations of bioengineering and ongoing federal surveillance, he alleges he is subject to ongoing government interference with his brain.  Compl. Ex. 1 at 2–3, 5–6, 20–31.  Plaintiff contends that, around November 2019, he was "maneuvered into" using sign language to communicate the following message: "I'll sign my life over to the Central Intelligence Agency." Compl. Ex. 1 at 2, 23.  After Plaintiff allegedly signed this message, he "began hearing through [his] brain," and he contends this phenomenon continues to occur every day since it began. Compl. Ex. 1 at 3.  Plaintiff asserts he "hear[s] through [his] brain" because he is "somehow involved as an exhibit in a human science experiment" without his consent.  Compl. Ex. 1 at 3.  In December 2020, Plaintiff alleges that he was again "maneuvered and commanded to walk 40 miles," upon which he "was ran over by a Bronco breaking [his] right leg.  (Tid Fib snap.)  The hospital (PMC) did a CAT scan." Compl. Ex. 1 at 21.  Plaintiff also alleges that "[m]aterialization implanted a chip into [his] left arm one night." *Id.* at 23.  Plaintiff states that he does not receive a wage or income for his participation in the alleged human science experiment. *Id.* at 29.  Plaintiff

3

also alleges a violation of the Thirteenth Amendment's prohibition on involuntary servitude and slavery attributable to Plaintiff "hearing through [his] brain," his alleged involvement in a human science experiment, and his lack of pay for participation in the experiment. *Id.* at 2–3. Finally, Plaintiff's handwritten exhibit also includes vague allegations of organized crime and arson. *Id.* at 20, 23.[3]

Defendant filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Mot. at 1. Defendant argues this Court should dismiss Plaintiff's Complaint because the Complaint "does not allege the existence of any cognizable claim over which this Court possesses jurisdiction to entertain." Mot. at 4.

## APPLICABLE LEGAL STANDARD

The Tucker Act, 28 U.S.C. § 1491, provides this Court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, . . . or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act serves as a waiver of sovereign immunity for "certain claims for monetary relief against the United States," but it does not create a right to relief itself. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *United States v. Mitchell*, 463 U.S. 206, 212, 218 (1983). To establish a right to relief under the Tucker Act, a "substantive right must be found in some other source of law[.]" *Mitchell*, 463 U.S. at 216; *see Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the

---

[3] *See* Compl. Ex. 1 at 20 ("Science, Biology, Geology, Law, Medical science + health, Physics, all vary in testimony evidentiary support and offense(s) actively affecting my life through organized crime."); *id.* at 23 ("My 2012 Chevy Malibu had modifications prior to purchase making it a road hazard while incarcerated for a misdemeanor. It was arsoned and totalled.").

4

Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act itself."). The constitutional, statutory, or regulatory provision must be "fairly . . . interpreted as mandating compensation by the Federal Government for the damage sustained." *United States v. Testan*, 424 U.S. 392, 400 (1976) (internal quotations omitted). Thus, this Court's jurisdiction under the Tucker Act does not extend to "every claim invoking the Constitution, a federal statute, or a regulation." *Mitchell*, 463 U.S. at 216. Additionally, this Court's jurisdiction does not extend to cases against private parties or government employees in their individual capacities. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) (discussing how the Court of Federal Claims' limited jurisdiction does not include relief "against others than the United States"); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."). This Court must dismiss claims outside its subject matter jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3).

In deciding a motion to dismiss for lack of subject matter jurisdiction, this Court accepts all uncontroverted facts as true and construes the facts in the light most favorable to the non-moving party. *Banks v. United States*, 741 F.3d 1268, 1277 (Fed. Cir. 2014); *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002). Under Rule 10(c), a "copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." RCFC 10(c). Thus, on a motion to dismiss, this Court considers "documents incorporated into the complaint by reference[.]" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Rocky Mt. Helium, LLC v. United States*, 841 F.3d 1320, 1325 (Fed. Cir. 2016) (quoting *Tellabs, Inc.*, 551 U.S. at 322).

In considering a motion to dismiss, this Court must liberally construe a complaint filed by a *pro se* plaintiff because *pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). Although held to a less stringent standard, *pro se* plaintiffs still must prove by a preponderance of the evidence that this Court has subject matter jurisdiction. *See Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Kelley v. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). While a *pro se* complaint may include ambiguities, *pro se* filing status "does not excuse [] failures" on the merits. *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

## DISCUSSION

While Plaintiff's Complaint is difficult to decipher, and his precise claims are unclear, this Court understands Plaintiff's Complaint to allege tort, discrimination, constitutional, and criminal law claims. Construing the facts alleged in the Complaint in the light most favorable to Plaintiff, Plaintiff brings his claims against the United States.[4] However, this Court must dismiss Plaintiff's

---

[4] Plaintiff references federal programs, entities, or agencies several times throughout his Complaint. *See, e.g.*, Compl. at 1 ("energy commission"); *id.* at 2 ("Dept. of Homeland Security fusion center(s)"); Compl. Ex. 1 at 2 ("Legislative Branch" and "Central Intelligence Agency"); *id.* at 6, 29 ("federal program"); *id.* at 20 ("Federal App."); *id.* at 27 ("Federal Government"); *id.* at 31 ("Federal Forensic + Homocide [sic] investigation program"). However, Plaintiff also identifies the following individuals in his Complaint: "Bill Gates, Melinda French Gates," "Seth Macfarlene," "Matt Stoenberg," "Mike Judge," "Marshall Mathers," "Joe Biden," "Barack Obama," "Andy Bashear," "Ed + Edna Macary," "Donald Trump," "Yakiro Toriyama," "Vladmir Putin," "Jim Carrey," "Oprah Winfrey," "Apple CEO's," "Android CEO's," "Lisa Reyes," "Mark W Starnes," and "Tracy R Starnes." Compl. at 2; *id.* Ex. 1 at 5. If Plaintiff maintains that his claims are asserted against private parties, or state or local government officials, it is well-established that those claims must be dismissed. *Sherwood*, 312 U.S. at 588; *Brown*, 105 F.3d at 624; *Brewington v. United States*, No. 19-cv-611, 2020 WL 1818679, at *3 (Fed. Cl. Apr. 1, 2020).

Complaint for lack of subject matter jurisdiction because this Court's jurisdiction does not extend to claims sounding in tort, including discrimination claims, constitutional law claims that are not money-mandating, or criminal law claims.

I. This Court Must Dismiss Plaintiff's Tort and Discrimination Claims

This Court must dismiss Plaintiff's tort and discrimination claims for lack of subject matter jurisdiction. Plaintiff's Complaint, liberally construed, asserts tort claims for personal injury, mind control, and unwelcome surgical procedures. Compl. Ex. 1 at 3, 21, 23, 27. Further, Plaintiff's Complaint also alleges discrimination resulting from the alleged federal surveillance program. *See* Compl. Ex. 1 at 6 ("I have a trait in which a federal program is being used excessively. . . . It's very discriminatory for me to endure."). For the reasons discussed below, Plaintiff's tort and discrimination claims must be dismissed.

A. To the Extent the Complaint Alleges Tort Claims Against the United States, Those Claims Must Be Dismissed

The Tucker Act expressly states that this Court lacks subject matter jurisdiction over claims sounding in tort. 28 U.S.C. § 1491(a)(1); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008); *Brown*, 105 F.3d at 623; *see Straw v. United States*, 4 F.4th 1358, 1361 (Fed. Cir. 2021) ("The [Court of Federal Claims] was also correct in holding that [plaintiff's] claim is in essence a tort claim, which is outside the jurisdiction of the . . . Court under the Tucker Act."); *Alves v. United States*, 133 F.3d 1454, 1459 (Fed. Cir. 1998) (stating the Court of Federal Claims cannot decide questions of tort liability); *Hartman v. United States*, 150 Fed. Cl. 794, 797– 98 (2020) (dismissing a *pro se* complaint containing claims sounding in tort); *Redd v. United States*, 147 Fed. Cl. 602, 607 (2020) (same). As claims for damages for personal injury "sound in

tort," this Court lacks jurisdiction over such claims. *Portnov v. United States*, 739 F. App'x 613, 614–15 (Fed. Cir. 2017); *Leffebre v. United States*, 129 Fed. Cl. 48, 52–53 (2016). Complaints alleging mind control, as Plaintiff's Complaint alleges, also assert tort claims that must be dismissed for lack of subject matter jurisdiction. *Hale v. United States*, No. 15-cv-903, 2015 WL 5167791, at *2 (Fed. Cl. Sept. 2, 2015) (dismissing claim for mental torment for lack of jurisdiction). Similarly, this Court lacks jurisdiction over claims alleging "unwelcome surgical procedure[s]," as such claims sound in tort. *McCullough v. United States*, 76 Fed. Cl. 1, 4 (2006).

Several claims in the Complaint clearly sound in tort. Plaintiff appears to assert a personal injury tort claim for his broken leg. *See* Compl. Ex. 1 at 21 ("Dec. 2020 when maneuvered and commanded to walk 40 miles, I was ran over by a Bronco breaking my right leg. (Tid Fib snap.) The hospital (PMC) did a CAT scan."). Like the plaintiffs in *Hale* and *McCullough*, Plaintiff also asserts tort claims based on mind control and unwelcome medical procedures. *See* Compl. Ex. 1 at 3 ("I began hearing through my brain."); *id.* at 27 ("An implant to my skull expanding my brain and skeletal cranium placed in the rear. My teeth also have fangs. 3rd tooth each side from the front. . . . Lasers I theorize were used to my mothers [sic] womb."); *id.* at 23 ("Materialization implanted a chip into my left arm one night."). As Plaintiff's claims alleging personal injury, mind control, and unwelcome surgical procedures are tort claims, this Court must dismiss such claims for lack of jurisdiction. *See* 28 U.S.C. § 1491(a)(1).

B.  <u>Plaintiff's Discrimination Claim Must Be Dismissed for Lack of Jurisdiction</u>

It is well-established that discrimination claims are tort claims over which this Court lacks jurisdiction. *See Qualls v. United States*, 230 Ct. Cl. 534, 538 (1982) ("[T]o the extent that plaintiff charges defendant with acting in a discriminatory or retaliatory manner towards him, such allegations are tortious in nature."); *Jentoft v. United States*, 450 F.3d 1342, 1349–50 (Fed. Cir. 2006) (quoting *Qualls*, 230 Ct. Cl. at 538); *Adams v. United States*, No. 07-cv-809, 2008 WL 4725452, at *2 (Fed. Cl. July 16, 2008) (holding statutory discrimination claims sound in tort). Here, Plaintiff provides the following statement about his alleged discriminatory treatment: "I have a trait in which a federal program is being used excessively. . . . It's very discriminatory for me to endure." Compl. Ex. 1 at 6. To the extent Plaintiff alleges discrimination by the United States, this Court lacks subject matter jurisdiction over the claim, as it sounds in tort. *See* 28 U.S.C. § 1491(a)(1).

II. <u>This Court Must Dismiss Plaintiff's Thirteenth Amendment Claims</u>

This Court must dismiss Plaintiff's Thirteenth Amendment claims alleging involuntary servitude and slavery resulting from his alleged participation in a human experiment without pay. The Tucker Act confers subject matter jurisdiction to this Court over money-mandating constitutional claims. 28 U.S.C. § 1491(a)(1); *see Brown*, 105 F.3d at 623 (holding the Court of Federal Claims lacks subject matter jurisdiction over Fourth Amendment claims because they do "not mandate the payment of money"). It is well-established that the Thirteenth Amendment does not mandate the payment of money from the United States. *Carter v. United States*, 228 Ct. Cl. 898, 900 (1981); *Allen v. United States*, 125 Fed. Cl. 138, 145 (2016); *Gibson v. United States*, 121 Fed. Cl. 215, 217 (2015); *Pleasant-Bey v. United States*, 99 Fed. Cl. 363, 367 (2011); *Johnson*

9

*v. United States*, 79 Fed. Cl. 769, 774 (2007); *Humphrey v. United States*, 52 Fed. Cl. 593, 598 (2002). Here, Plaintiff alleges he was a part of a human experiment for which he was not compensated, and appears to allege he was subject to involuntary servitude or slavery in violation of the Thirteenth Amendment. Compl. Ex. 1 at 3, 29. As the Thirteenth Amendment is not money-mandating, this Court clearly lacks subject matter jurisdiction over Plaintiff's claims alleging a violation of the Thirteenth Amendment. *See* 28 U.S.C. § 1491(a)(1); *Humphrey v. United States*, 60 F. App'x 292, 295 (Fed. Cir. 2003) (upholding the Court of Federal Claims' dismissal of a Thirteenth Amendment claim); *Smith v. United States*, 36 F. App'x 444, 446 (Fed. Cir. 2002) (same); *Johnson*, 79 Fed. Cl. at 774 (dismissing Thirteenth Amendment claim contending plaintiff's "vessel" was used without "renumeration").

III. This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Criminal Law Claims

Although unclear, Plaintiff's Complaint may allege criminal law claims concerning organized crime, arson, and surveillance. Compl. Ex. 1 at 6, 20, 23. This Court lacks jurisdiction over any criminal law claims. *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code . . . ."); *Johnson v. United States*, 144 Fed. Cl. 578, 582 (2019) ("The jurisdiction of the United States Court of Federal Claims does not include jurisdiction over criminal causes of action.") (citations omitted); *Zhengxing v. United States*, 71 Fed. Cl. 732, 739 (2006) (same); *see McCullough*, 76 Fed. Cl. at 4 (classifying conspiracy as a criminal law claim and dismissing the claim for lack of jurisdiction); *Matthews v. United States*, 72 Fed. Cl. 274, 282 (2006) (dismissing a claim for "conspiracy and interference with mail"); *Moorish Sci. Temple of Am. v. United States*, No. 11-cv-30, 2011 WL 2036714, at *2, *5 (Fed. Cl. May 25, 2011) (dismissing a criminal law claim of

10

racketeering which the plaintiff characterized as "a host of patterned criminal actions that include[] but [are] not limited to an act of threat of murder, kidnapping, gambling, arson, bribery and as in the instant case robbery, extortion, fraud, slavery, etc."). To the extent a plaintiff alleges the federal government conducted criminal surveillance, this Court similarly lacks jurisdiction over such a claim. *Zhengxing*, 71 Fed. Cl. at 739; *see Granite v. United States*, 721 F. App'x 990, 992 (Fed. Cir. 2018) (holding the Court of Federal Claims lacks jurisdiction over a claim that "unnamed government agencies have surveilled [plaintiff]").

Plaintiff appears to assert organized crime and arson claims against the United States. *See* Compl. Ex. 1 at 20 ("Science, Biology, Geology, Law, Medical science + health, Physics" are "affecting [his] life through organized crime."); *id.* at 23 ("My 2012 Chevy Malibu . . . . was arsoned and totalled [sic]."). Additionally, Plaintiff alleges that he has been subject to an unlawful federal surveillance program since birth. Compl. Ex. 1 at 30 ("Federal employees are paid I assume and have accessed me using And-roids starch internal surveillance forensic and homocide [sic] investigation programs since my birth."). This Court lacks jurisdiction over such criminal law claims, including claims of conspiracy, arson, and criminal surveillance. *See Joshua*, 17 F.3d at 379 (holding the Court of Federal Claims lacks jurisdiction over criminal law claims); *Granite*, 721 F. App'x at 992 (upholding the dismissal of a criminal surveillance claim); *McCullough*, 76 Fed. Cl. at 4 (dismissing a criminal conspiracy claim). Thus, as noted above, to the extent Plaintiff alleges criminal law claims, these claims must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated above, the Defendant's Motion to Dismiss (ECF No. 15) is **GRANTED** pursuant to Rules 12(b)(1) and 12(h)(3), and Plaintiff's Complaint is **DISMISSED** without leave to replead. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962); *Harrison v. United States*, No. 2020-1765, 2020 WL 6482121, at *1 (Fed. Cir. July 21, 2020), *dismissing appeal from* No. 19-1785, 2020 WL 1492211, at *3 (Fed. Cl. Mar. 23, 2020); *Kaetz v. United States*, 159 Fed. Cl. 378, 383 n.1 (2022) ("Section 1915(a)(3) applies to both prisoners and non[-]prisoners."). The Clerk of Court is **DIRECTED** to enter Judgment accordingly.

IT IS SO ORDERED.



*Eleni M. Roumel*
ELENI M. ROUMEL
Judge

October 5, 2022
Washington, D.C.